**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2911
_____

YONG AI LIU,
                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200-035-983)
Immigration Judge:  Honorable Miriam K. Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2012

Before: AMBRO, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed:  February 6, 2012)
_____

OPINION
_____

PER CURIAM

　　Petitioner, Yong Ai Liu, seeks review of the Board of Immigration Appeals'

("BIA" or "Board") final order of removal.  For the reasons that follow, we will deny the

petition for review.

I.

Liu is a native and citizen of China. He entered the United States in 2006 and was charged with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) as an alien present without being admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i).

Liu conceded removability as charged, but sought asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In his initial I-589 application, Liu contended that he had experienced past persecution, and feared future persecution, due to his practice of Falun Gong. He claimed that, in June 2005, he had been arrested by village cadres, interrogated about his practice, beaten, and ordered to inform on the leaders of his group. Despite the fact that his application clearly stated that he was arrested for actually practicing Falun Gong, Liu curiously contended in an affidavit attached to the application that he did not practice Falun Gong, only spoke in support of it. (AR 535-36.)

Liu subsequently filed an amended I-589 in which he claimed for the first time that he had been arrested, detained, and tortured for more than a month in January 2005. He also claimed for the first time that his mother had been detained and tortured in 1999 and 2005 for practicing Falun Gong.

At an August 2007 merits hearing before an Immigration Judge (IJ), Liu confusingly testified that he began practicing Falun Gong in 2004 "[b]ecause he started having problem[s] with [his] stomach at [the] beginning of 2006." (AR 435.) With respect to the alleged acts of persecution, Liu explained that, when he was detained in

2

January 2005, the police had punched, kicked, and beaten him with a stick. He did not sustain any injuries, however, because the police "used a telephone book as a padding when they beat [him] . . . [t]hey used a notebook as a padding and cover, too." (AR 432.) Liu stated that he was not given any documentation that could confirm his arrest and detention. (AR 433.) Liu maintained that he had also been detained in June 2005, but only for a few hours.

The IJ concluded that Liu's testimony lacked credibility and denied his applications for relief. The IJ explained that, "[b]ased on a variety of [in]consistencies which go to the very heart of respondent's claim, the Court finds the respondent's claim for relief incredulous and likely frivolous with respect to the Falun Gong allegation." (AR 410.) Upon review, the BIA remanded the matter to the IJ for further proceedings because certain portions of the hearing transcript were missing or indiscernible.

Following remand, the IJ admitted the transcript from the prior hearing into the record and conducted a new hearing. When asked about the discrepancies between his two applications, Liu stated that his first I-589 was incomplete, that he forgot to include certain pertinent information, and that he signed it pursuant to his attorney's request without reviewing it. When asked whether he had any witnesses who could corroborate his claim that he continues to practice Falun Gong in the United States, Liu said that he had asked witnesses to come but that they "said it's too much trouble" because they are "from out of state." (AR 127.)

3

Following this second hearing, the IJ again made an adverse credibility determination and again denied relief. The BIA dismissed Liu's appeal. The Board found no clear error in the IJ's credibility determination and agreed with the IJ that Liu failed to present reasonably available corroborative evidence in support of his claim. Accordingly, the BIA ordered that Liu be removed to China.

Liu now seeks review of the BIA's order.

II.

We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1). When, as in this case, "the BIA issues a separate opinion . . . we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA defers to it." Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). We exercise de novo review over the BIA's legal determinations. Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004). We review agency factual determinations, including findings concerning credibility, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Liu's primary arguments on appeal concern the BIA's determination that he failed to meet his burden of proof on his asylum claim. First, Liu claims that he provided credible testimony in support of his claim. Because Liu filed his asylum application after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations apply. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007). Prior to the implementation of the REAL ID Act, minor omissions or inconsistencies that did not go

4

to the heart of an asylum applicant's claim were insufficient to support adverse credibility determinations.  See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).  Under the REAL ID Act, however, a trier of fact may base a credibility determination on any inconsistencies, without regard to whether they relate to the heart of the alien's claim.  8 U.S.C. § 1158(b)(1)(B)(iii).

We have reviewed the record and conclude that substantial evidence supports the agency's adverse credibility determination.  As the BIA explained, there were significant inconsistencies in Liu's story.  For example, although Liu testified that he had been arrested and detained for over a month in January 2005, he failed to mention this incident—which is by far the most egregious—in his original asylum application. Instead, he claimed only that he had been arrested in June of that year and detained for a few hours.  In addition, despite Liu's contention in his applications and before the IJ that police had arrested him on these occasions for practicing Falun Gong, he stated in an affidavit to his initial I-589 that he did not practice it, but only spoke in support of it. Furthermore, while he stated in his amended I-589 that his mother had been arrested, detained, and tortured in 1999 for practicing Falun Gong, his original application fails to make any mention of his mother's alleged persecution.  Because we agree with the BIA that these inconsistencies undermined Liu's credibility, we discern no error in the BIA's credibility finding.[1]

_____

[1] Liu argues that the BIA erred in failing to find that the IJ neglected to fully consider the explanations he provided for the inconsistencies within and between his first

Liu also challenges the BIA's determination that he failed to present reasonably available corroborative evidence in support of his claim. Corroboration may reasonably be expected for "facts which are central to his or her claim and easily subject to verification." Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001) (internal quotation marks omitted). We have consistently held that "failure to produce corroborating evidence may undermine an applicant's case where (1) the IJ identifies facts for which it is reasonable to expect the applicant to produce corroboration, (2) the applicant fails to corroborate, and (3) the applicant fails to adequately explain that failure." Chukwu, 484 F.3d at 191–92.

Substantial evidence supports the BIA's conclusion that Liu failed to present reasonably available corroborative evidence in support of his claim. As the BIA explained, Liu failed to submit any evidence regarding the injuries he allegedly sustained during his period of incarceration in January 2005, evidence regarding the June 2005 arrest, or any statements corroborating his continued practice of Falun Gong in the United States. Although Liu argues on appeal that he gave adequate explanations as to why he was unable to obtain such corroboration, we agree with the agency that his explanations were unpersuasive.

_____

I-589, his second I-589, and his testimony. Based on our review of the record, however, it appears that the IJ sufficiently considered Liu's explanations before reasonably rejecting them. See Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.")

Next, Liu argues for the first time on appeal that the BIA erred in failing to find that the IJ abused her discretion by admitting portions of the transcript of the earlier proceeding into evidence. This claim is not properly before the Court because Liu failed to present it to the BIA. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594–95 (3d Cir. 2003) (explaining that an alien must "raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim").

Finally, we reject Liu's arguments that the BIA erred in concluding that he was not entitled to withholding of removal or relief under the CAT. When, as in this case, "asylum, withholding of removal, and CAT claims are based on the same discredited testimony, the adverse credibility finding is fatal to all three claims." Zine v. Mukasey, 517 F.3d 535, 541 (8th Cir. 2008) (citation and internal quotation marks omitted).

IV.

Accordingly, we will deny the petition for review.